UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                                    |   |                            |
|------------------------------------|---|----------------------------|
| PANSY ROAD, LLC,                   | : |                            |
|     Plaintiff, | : |                            |
| V.                                 | : | CASE NO. 3:05-CV-916 (RNC) |
| TOWN PLAN & ZONING COMM'N OF       | : |                            |
| THE TOWN OF FAIRFIELD, ET AL.,     | : |                            |
|     Defendants.| : |                            |

RULING AND ORDER

Plaintiff Pansy Road, LLC, a real estate developer, brings this action under 42 U.S.C. § 1983 claiming that a subdivision application it submitted to defendant Town Plan and Zoning Commission of the Town of Fairfield was improperly denied in violation of its Fourteenth Amendment rights to due process and equal protection, as well as its rights under state common law.[1] The Connecticut Supreme Court recently held that the denial of the subdivision application was improperly based on off-site traffic congestion, which is not a permissible basis for denying a subdivision application that complies with applicable regulations. See Pansy Road, LLC v. Town Plan and Zoning Comm'n, 283 Conn. 369, 380 (2007). Defendants have moved for summary judgment. For the reasons stated below, the motion for summary judgment is granted as

---

[1] Plaintiff names as defendants the Town Plan & Zoning Commission of the Town of Fairfield (the "Commission"), the individual Commission members and Kenneth E. Flatto, the First Selectman of the Town.

to the federal claims and the state law claims are dismissed without prejudice.

## I. Legal Standard

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## II. Background

Plaintiff applied to the Commission for permission to create a five-lot residential subdivision on a proposed cul-de-sac that would intersect with Pansy Road near the entrance to an elementary school. Following a public hearing, at which speakers expressed concern about traffic congestion on Pansy Road, the Commission unanimously denied the application, citing regulations relating to traffic safety. Plaintiff appealed, contending that under Sowin Assoc. v. Planning & Zoning Comm'n, 23 Conn. App. 370 (1990), the Commission was required to approve the subdivision application because it complied with applicable regulations. The Superior Court disagreed and affirmed the Commission's decision. In doing so, it concluded that the Appellate Court's decision in Sowin had been overruled by the Supreme Court's decision in Friedman v.

Planning & Zoning Comm'n, 222 Conn. 262 (1992). The plaintiff's petition for review was granted by the Appellate Court. The Supreme Court then transferred the case to itself, reversed the judgment and directed the trial court to render a judgment sustaining the plaintiff's appeal.

III. Discussion

    A.   Due Process

Defendants contend that plaintiff's due process claim must be dismissed as a matter of law because plaintiff was not clearly entitled to have its subdivision application approved. I agree. "In order for an interest in a particular land-use benefit to qualify as a property interest for the purposes of the . . . due process clause[,] a landowner must show a 'clear entitlement' to that benefit." O'Mara v. Town of Wappinger, 485 F.3d 693, 700 (2d Cir. 2007) (citing Clubside, Inc. v. Valentin, 468 F.3d 144, 152 (2d Cir. 2006)); Natale v. Town of Ridgefield, 170 F.3d 258, 263-64 (2d Cir. 1999). Whether a clear entitlement exists ordinarily is an issue of law. Natale, 170 F.3d at 263.

Plaintiff contends that, under the decision in Sowin, the Commission lacked discretion to deny the subdivision application, as the Supreme Court recently held. At the time of the denial, however, the status of the Sowin decision was less than clear. See, e.g., Belcher v. Planning and Zoning Comm'n, No. CV 9558178S, 1997 WL 321588, at *11 (Conn. Super. Ct. June 3, 1997)(stating that

3

Sowin had been overruled sub silentio by the Connecticut Supreme Court); Terry J. Tondro, Connecticut Land Use Regulation 184 (2d ed. 2000 Cumulative Supp.)(same). As a result, the role of traffic considerations in the review of subdivision applications was also uncertain. See Pansy Road, 283 Conn. at 375. This uncertainty prevents plaintiff from establishing that it had a clear entitlement to approval of the proposed subdivision. See Natale, 170 F.3d at 263-64 (though disputed question of state law was ultimately decided in favor of property owner, uncertainty that existed earlier defeated claim of clear entitlement under federal law); O'Mara, 485 F.3d at 700 ("[u]ncertainty as to the meaning of the applicable law defeats a claim to a clear entitlement").

B. Equal Protection

Plaintiff claims that the Commission violated the Equal Protection Clause by intentionally singling plaintiff out for arbitrary treatment. See Vill. of Willowbrook v. Olech, 528 U.S. 562 (2000). To prevail on this class-of-one claim, plaintiff has the burden of identifying "similarly-situated" persons who have been treated differently. The degree of similarity required to be shown is "extremely high," Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005), because it is offered to support an inference of intentional discrimination for which improper motive is all but certain, see Clubside, 468 F.3d at 159. See also Cordi-Allen v. Conlon, 494 F.3d 245, 251-52 (1st Cir. 2007)(a demanding "similarly

4

situated" requirement is particularly important in land-use cases because otherwise "virtually every zoning decision" could "find its way to federal court in the guise of an equal protection claim"). In particular, plaintiff must establish that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate governmental policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

Clubside, 468 F.3d at 159.

Defendants contend that plaintiff cannot make this showing. Here again, I agree. Plaintiff identifies two subdivisions in Fairfield located on cul-de-sacs serviced by roads that also provide service to nearby schools. Neither of these subdivisions is sufficiently similar to satisfy the stringent standard applicable to plaintiff's class-of-one claim. In one case, parking is not permitted on the service road, and school traffic exits onto a different road; in the other, subdivision traffic does not exit onto the road where the school's main entrance and exit is located. Given these significant differences relating to traffic safety, plaintiff's equal protection claim must fail as a matter of law.

IV. Conclusion

Accordingly, the motion for summary judgment [doc. #31] is hereby granted as to plaintiff's Fourteenth Amendment due process and equal protection claims. The Court declines to exercise

supplemental jurisdiction over the remaining state law claims, which are hereby dismissed without prejudice.  Judgment will enter for the defendants dismissing the complaint.

So ordered.

Dated at Hartford, Connecticut this 29th day of September 2007.

_____/s/_____
Robert N. Chatigny
United States District Judge